**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**


MICHAEL BENJAMIN,
ADC #139727                                                                                          PLAINTIFF

V.                                            5:12CV00237 JLH/JTR

RAY HOBBS, Director,
Arkansas Department of Correction, et al.                                            DEFENDANTS


## ORDER

Plaintiff, Michael Benjamin, is a prisoner in the Maximum Security Unit of the Arkansas Department of Correction. He has filed a *pro se*[1] § 1983 Complaint and an Application to Proceed *In Forma Pauperis.*

The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is

---

[1] Plaintiff is notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

Plaintiff has filed a handwritten Application to Proceed *In Forma Pauperis* that does not contain the necessary financial information. *See* docket entry #1. Thus, the Court will send Plaintiff the necessary forms, and give him thirty days to complete them.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to send Plaintiff an Application to Proceed *In*

*Forma Pauperis*, along with a prisoner calculation sheet.[2]

    2.    Plaintiff must, **within thirty days of the entry of this Order,** file a fully and properly completed Application to Proceed *In Forma Pauperis* and a prisoner calculation sheet.

    3.    Plaintiff is reminded that if he fails to timely and properly do so, this case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 9th day of July, 2012.

/s/ J. Thomas Ray
_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff must complete and sign the Application to Proceed *In Forma Pauperis*. In contrast, an authorized ADC official must complete and sign the prisoner calculation sheet.