**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MICHAEL BENJAMIN,                                                                                       PLAINTIFF
ADC #139727

v.                                          No. 5:12CV00237 JLH/JTR

RAY HOBBS, Director,
Arkansas Department of Correction, et al.                                                DEFENDANTS

**OPINION**

United States Magistrate Judge J. Thomas Ray has entered Proposed Findings and Recommended Partial Disposition in which he has recommended that some of Michael Benjamin's claims be dismissed and that Benjamin be allowed to proceed on others; and he has recommended that Benjamin's motion for preliminary injunction be denied. Benjamin has filed objections to the Proposed Findings and Recommended Partial Disposition. Upon a *de novo* review, the Court adopts the Proposed Findings and Recommended Partial Disposition and writes separately to explain why Benjamin's objections are without merit.

Benjamin's first objection is that he did not consent to the magistrate judge's conducting findings or making any recommendations regarding his claim. Benjamin apparently believes that the magistrate judge has no authority to make proposed findings and recommended dispositions without his consent, but that belief is mistaken. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); Local Rule 72.1.

Benjamin's next two objections appear to go together. He says that he claims that a sub-group of defendants conspired with other state, federal, and local officials to cover up a false arrest caught on tape, a malicious prosecution, and to murder the plaintiff; and he says that the magistrate judge misrepresented his claim. He does not explain what he means when he says that the magistrate

judge misrepresented his claim, but presumably he was referring to the allegation in the complaint that the defendants conspired with other officials to murder him in order to cover up a malicious prosecution on a false arrest caught on tape. The magistrate judge did not mention that allegation in his Proposed Findings and Recommended Partial Disposition. Although Benjamin makes that allegation in his complaint, he does so only in a conclusory fashion. There are no facts alleged to support the allegation that he was falsely arrested or maliciously prosecuted or that anyone has attempted to murder him in order to cover up a malicious prosecution on a false arrest. In reviewing the sufficiency of the complaint, the Court is not required to accept as true such a conclusory allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009).

Benjamin has attached to his complaint a copy of a judgment and commitment order from the Circuit Court of Washington County, Arkansas, stating that on August 29, 2007, the court sentenced him to two consecutive sentences of 300 months each following a trial by jury in which he was convicted of delivery of a controlled substance (meth). The Court will take judicial notice of the fact that Benjamin appealed his conviction, and the Arkansas Court of Appeals affirmed. *Benjamin v. State*, 102 Ark. App. 309, 285 S.W.3d 264 (2008). Thereafter, Benjamin filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Arkansas. The opinion in that action states that Benjamin was convicted in the Circuit Court of Washington County, Arkansas, on two counts of delivery of a controlled substance and was sentenced to two consecutive 25-year terms in the Arkansas Department of Correction. *Benjamin v. Norris*, 2009 WL 2136047 (W.D. Ark. July 15, 2009). The Western District of Arkansas denied Benjamin's section 2254 petition. *Id*. Benjamin's conclusory allegation

that he was falsely arrested and maliciously prosecuted is belied by the fact that he was convicted and his conviction was affirmed. Moreover, any claim that necessarily implies the invalidity of his conviction is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 119 L. Ed. 2d 383 (1984).[1] Consequently, Magistrate Judge Ray was correct to disregard the conclusory allegation of a conspiracy to murder Benjamin in order to cover up a false arrest and a malicious prosecution.

There is no merit to Benjamin's objections to the Proposed Findings and Recommended Partial Disposition.

DATED this 11th day of September, 2012.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Benjamin alleges that he is in the Arkansas Department of Correction for a crime for which he was not charged. The Western District of Arkansas addressed that claim in denying Benjamin's section 2254 petition.